IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gail L. Douda, ) | Civil Action No.: 1:12-cv-01664-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] Plaintiff Gail L. Douda brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"). In her R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for supplemental security income benefits on June 29, 2009, alleging that she became disabled on June 1, 2005. The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ") on August 2, 2010. That hearing was held on August 10, 2011, and Plaintiff appeared and testified. A vocational expert also

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

testified. The ALJ issued a decision dated August 30, 2011, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

> 1. The claimant has not engaged in substantial gainful activity since June 29, 2009, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: right leg pain (residual effects of old tibia/fibula fractures), bilateral hearing loss, borderline intellectual functioning, depression, and obesity (20 CFR 416.920(c)).
>
> . . .
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> . . .
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of sedentary to light work as defined in 20 CFR 416.967(a) in that she can lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and/or walk for no more than two hours in a workday; and sit throughout the workday. She can occasionally stoop, twist, crouch, kneel, crawl, balance, and climb stairs or ramps, but never climb ladders, ropes, or scaffolds. She can do no work requiring more than a low level of hearing acuity and must avoid hazards such as unprotected heights and dangerous machinery. Her mental impairments further restrict her to simple, routine tasks in a supervised environment.
>
> . . .
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> . . .
>
> 6. The claimant was born on July 18, 1964, and was 44 years old, which is defined as a younger individual age 18–44, on the date the application was filed (20 CFR 416.963). She is now 47 years old.

> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> . . .
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since June 29, 2009, the date the application was filed (20 CFR 416.920(g)).

Tr. 11–19.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on May 3, 2012. On June 15, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 14, 15, 16, and the Magistrate Judge issued her Report and Recommendation ("R&R") on July 9, 2013, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 18. The Commissioner filed timely objections to the R&R on July 26, 2013, Def.'s Objs., ECF No. 19, and Plaintiff replied on August 12, 2013, Pl.'s Reply, ECF No. 20.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence"

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 1382(a)(3). The term "disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 1382(a)(3)(a). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 416.960(a). These factors include the claimant's (1)

5

"residual functional capacity," *id.* § 416.960(a); (2) age, *id.* § 416.963; (3) education, *id.* § 416.964; (4) work experience, *id.* § 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 416.966.  If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 416.960(c)(1).  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends reversing the Commissioner's decision and remanding the matter for further administrative action.  Specifically, the Magistrate Judge concludes that substantial evidence does not support several findings relied on by the Magistrate Judge in assessing Plaintiff's credibility.  Those findings regarded Plaintiff's complaints of dizziness and hearing difficulties, as well as her testimony regarding her reason for not driving and her activities of daily living.  Furthermore, the Magistrate Judge reports that the ALJ, in determining Plaintiff's residual functional capacity, erred in failing to address an opinion of one of Plaintiff's therapists, who concluded that Plaintiff would have to take four days off of work each month. R&R 22–28.

In her objections, the Commissioner addresses each of the issues raised by the Magistrate Judge in her R&R.  First, the Commissioner argues that the Magistrate Judge's reasoning that the

ALJ's questions to Plaintiff regarding here dizziness were "misplaced," noting that the fact Plaintiff had counsel at the hearing gave her the opportunity to develop the record notwithstanding the ALJ's leading questions.  Second, the Commissioner highlights evidence supporting the ALJ's finding regarding Plaintiff's hearing difficulties and her activities of daily living.  Third, the Commissioner responds that, despite the ALJ's decision regarding Plaintiff's reasons for not driving, "the ALJ articulated multiple other legally sufficient reasons for discounting Plaintiff's credibility."  Finally, the Commissioner maintains that, contrary to the Magistrate Judge's conclusion, the ALJ properly considered Plaintiff's therapist's assessment in determining Plaintiff's residual functional capacity.  Def.'s Objs. 1–5.

The Commissioner's only response to the Magistrate Judge's conclusion regarding the ALJ's decision concerning Plaintiff's reason for not having a driver's license is a reference to her argument in her response brief.  In her brief, the Commissioner argued the following:

> Even if such statements did not constitute a stark inconsistency, as Plaintiff contends, they clearly constituted an expansion of Plaintiff's statements in this regard, from which the ALJ reasonably concluded that Plaintiff did not drive due to a voluntary choice rather than an inability to do so.

Def.'s Br. 24, ECF No. 15.  The Magistrate Judge interpreted the Commissioner's argument as an apparent concession that "there was 'no stark inconsistency.' " R&R 24.  As the Magistrate Judge notes in her R&R, the Commissioner downplays the significance of the ALJ's finding and points to other findings in the record to support the ALJ's credibility assessment of Plaintiff.  The fact, however, that the ALJ highlighted the perceived inconsistency in Plaintiff's reasons for not having a driver's license gives that basis a weight that cannot be glossed over as part of a harmless error analysis.  Like the Magistrate Judge, the undersigned finds the reasons given to not be inherently inconsistent.  Obviously, if Plaintiff lost her license as a result of a traffic violation, she would

7

ultimately have to renew it.  As the ALJ noted, she did not renew her license because she feared her driving could hurt others. Tr. 17; *see also* Tr. 293.  This is not "rather inconsistent information." *Id.* Thus, the ALJ's finding is not wholly supported by substantial evidence, and remand is appropriate in order to reassess Plaintiff's credibility.

As to the Magistrate Judge's recommendation regarding Plaintiff's therapist, the Court is troubled by the ALJ's failure to mention the therapist's opinion that Plaintiff would be unable to work for more four days in a given month.  As the Commissioner argues, Plaintiff's therapist, Theresa Smoak, is not an acceptable medical source under the Social Security Administration's regulations. *See* SSR 06-03p.  The Magistrate Judge's recommendation, however, concerned the ALJ's apparent dismissal of one of Ms. Smoak's conclusions: one that could potentially have enormous effects on Plaintiff's ability to find substantial gainful activity.  In his decision, the ALJ superficially summarized Ms. Smoak's report, and appeared to discount the weight of Ms. Smoak's opinions because she "was not a Ph.D. psychologist." Tr. 16.  Later in the decision, however, the ALJ appeared re-weigh Ms. Smoak's opinions to discredit Plaintiff, noting that the opinions were "consistent with the mental limitations in the residual functional capacity described above." *Id.* at 17.  The ALJ's finding that Ms. Smoak's report was consistent conspicuously ignores her conclusion that Plaintiff would be required to be absent from work from "[m]ore that four days per month." Tr. 329.  As such, the Court finds the Commissioner erred in failing to address Ms. Smoak's opinion. *See* SSR 96-8p ("The [residual functional capacity assessment must be based on *all* of the relevant evidence in the case record.").  On remand, the Commissioner must consider Ms. Smoak's opinions and give them whatever weight they deserve.

On the other hand, the Court recognizes the Commissioner's remaining objections to the R&R.  First, contrary to the Magistrate Judge's recommendation, the Court sees no error in the

ALJ's leading questions at the hearing. The ALJ has a duty to develop an adequate record and medical history and is entitled to rely upon Plaintiff's responses to his questions. Furthermore, Plaintiff's inability to know what medications or combination of medications causes her dizziness is certainly relevant to the severity of her dizziness and thus relevant to her credibility. Second, the ALJ's assessment of Plaintiff's hearing difficulties was not reversible error. This Court did not observe Plaintiff testify at the hearing and may not weigh the evidence. The decision shows that Plaintiff's performance at the hearing did not convince the ALJ that Plaintiff's hearing difficulties were severe enough to disable her, and the Court is not in a position to second-guess the fact-finder. And, the same goes for Plaintiff's accounts of her activities of daily living. While the Magistrate Judge notes that Plaintiff's activities of daily living were properly considered, she concludes that "the limited nature of the [activities of daily living] are insufficient on its own to justify discounting Plaintiff's credibility." R&R 25. To the extent the Magistrate Judge was reporting error, the Court finds none in light of the several bases on which the ALJ made his credibility assessment. This Court agrees that Plaintiff's daily activities were properly considered, and thus the Commissioner's objections are noted. Still, for the reasons discussed above, remand is proper.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, the Commissioner's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully adopts the R&R of the Magistrate Judge as modified. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

September 26, 2013
Florence, South Carolina