IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gail L. Douda, | ) | C/A No.: 1:12-cv-01664-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on motion by Plaintiff for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant filed a memorandum in opposition to the motion[1] on the basis that the position of the government was substantially justified. Plaintiff filed a Reply in opposition to the Response.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees and costs under the Equal Access to Justice Act. In order to meet its burden of showing that its position before the District Court was "substantially justified," the government has the burden of establishing that its case has a reasonable basis in law and fact - that is, justified to a degree that could satisfy a reasonable person. *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (Government's position must be substantially justified in both fact and

---

[1] Defendant does not oppose the request for $7.00 in costs.

1

law; favorable facts will not rescue the government from a substantially unjustified position on the law, and an accurate recital of the law cannot excuse a substantially unjustified position on the facts). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness . . ." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, a position can be justified even though it is not correct and can be substantially (that is, for the most part) justified if a reasonable person could think it was correct, that is, if it has a reasonable basis in law and fact. *Id.* at 566, n.2.

The Fourth Circuit requires this Court to consider the totality of the circumstances in assessing whether the government's position was reasonable and has rejected the argument that "*any* unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir.1993); *See also, Albright v. Apfel*, 225 F.3d 653, *1 (4th Cir. 2000) [unpublished table decision] ("Although the Commissioner's position was based on a misinterpretation of circuit precedent, it had a basis both in law and fact that could satisfy a reasonable person. Therefore, we find that the district court did not abuse its discretion in finding that position to be substantially justified." (citation omitted)].

The government contends that, although this Court found that the ALJ erred in relying on the plaintiff's statements regarding not having a driver's license in assessing her credibility relating to her complaints of hearing difficulty and dizziness, "the Court expressly acknowledged that the ALJ properly considered a number of other factors in discounting Plaintiff's credibility." (ECF No. 26, p. 3) The government also argues that, although the Court remanded the case for further consideration of the physical therapist's opinions, the ALJ's analysis of the therapist's report was

substantially justified. Plaintiff contends that "the fact that the Court agreed that other aspects of the ALJ analysis were supported does not rectify the error in regards to the ALJ credibility assessment." (ECF No. 29, p. 5) She also contends that the ALJ's failure to properly evaluate opinion evidence was not substantially justified.

The fact that this court remanded the case to the Commissioner does not necessarily mean that Plaintiff is entitled to attorney's fees. *See Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991). ("[I]t has been held that lack of substantial evidence did not, in every case, of itself, equate to lack of substantial justification . . ." [citing *Pullen v. Bowen*, 820 F.2d 105 (4th Cir. 1987) (abrogated on other grounds)]

Considering the totality of the circumstances, this Court holds that the Commissioner's position in this case was substantially justified. The Court found that the ALJ's findings regarding the reason the plaintiff did not have a driver's license were "not wholly supported by substantial evidence." (ECF No. 23, p. 8) Regarding the physical therapist, the Court was concerned by the ALJ's failure to mention the therapist's opinions that Plaintiff would be unable to work for more than four days in a month, but remanded for consideration of her opinions "and give them whatever weight they deserve." *Id*. Although this Court remanded the case on both of these grounds, the Court finds that the Commissioner's position as a whole was substantially justified. In reaching this conclusion, the Court also notes that the undersigned agreed with the Commissioner's other objections to the R&R and ruled that the ALJ did not commit error in asking the leading questions, in assessing the extent of the plaintiff's hearing difficulties, or in discussing the plaintiff's accounts of her daily living.

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's request for EAJA

attorney fees is **DENIED**. Plaintiff's request for costs in the amount of $7.00 is granted.

  **IT IS SO ORDERED**.

              s/R. Bryan Harwell
              R. Bryan Harwell
              United States District Judge

May 14, 2015
Florence, South Carolina