UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gail Douda, | ) | Civil Action No.: 1:12-cv-01664-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion [ECF #31] for attorney fees under 42 U.S.C. § 406(b)(1). Plaintiff's counsel requests an attorney fee award of $8,538.09, which represents 25% of the past due benefits for Plaintiff.[1] On March 3, 2017, Defendant filed a response indicating no objection to Plaintiff's motion for attorney fees.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields reasonable results in particular cases. 535 U.S. 789, 807 (2002). Contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.

_____

[1]    Plaintiff's counsel's previous request for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, was denied on May 15, 2015. *See* [ECF No. 30].

*Gisbrecht*, 535 U.S. at 807. When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results ...achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

In considering whether plaintiff's counsel would receive a "windfall" from the contingency fee agreement, the Court is mindful of the fact that "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010). As the district court noted in *Wilson v. Astrue*,

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

622 F. Supp. 2d 132, 136-37 (D.Del. 2008); *see also Gisbrecht*, 535 U.S. at 804 (recognizing that "the marketplace for Social Security representation operates largely on a contingency fee basis").

Turning to Plaintiff's counsel's fee request, the Court notes that Plaintiff and Plaintiff's counsel entered into a contingency fee agreement dated May 25, 2012, which provided that if

2

Plaintiff or her family received any past-due benefits after remand or reversal from the federal court, then Plaintiff agreed to pay Plaintiff's counsel 25% of past-due benefits due to Plaintiff and her family. [ECF #31-2]. Plaintiff's counsel obtained a successful result for Plaintiff and obtained approximately $34,152.36 in past-due benefits according to the Notice of Award. [ECF #31-3]. There is no indication that counsel caused any unusual delays in the case. After reviewing the administrative record and briefing by the parties, the Magistrate Judge recommended reversing the ALJ's decision denying Plaintiff social security benefits. Defendant filed objections and Plaintiff's counsel filed a Reply. On September 26, 2013, the Court adopted the Magistrate Judge's Report and Recommendation and remanded the matter for further administrative proceedings. On remand to the ALJ, Plaintiff was awarded Supplemental Security Income beginning in December 2010. The Court concludes that Plaintiff's counsel provided thorough and adequate representation of Plaintiff. Plaintiff's counsel's fee request is reasonable and not in excess of 25% of Plaintiff's past due benefits.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion [ECF #31] for attorney fees under 42 U.S.C. § 406(b)(1).

**IT IS SO ORDERED**.

March 9, 2017                                        s/ R. Bryan Harwell
Florence, South Carolina                   R. Bryan Harwell
                                                           United States District Judge